UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTIAN HUBSCHER,

    Plaintiff,

vs.                                    CASE NO.: 1:11-cv-00042-SPM-GRJ

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

    Defendant.           /

## JOINT REPORT

Defendant, Portfolio Recovery Associates, LLC, and Plaintiff, Christian Hubscher, by and through by and through their undersigned counsel and pursuant to Rule 26(f), Federal Rules of Civil Procedure and the Court's Initial Scheduling Order, hereby file this, their Joint Report and state as follows:

1.    **Magistrate Jurisdiction:**  The Parties have conferred regarding their willingness to consent to magistrate judge jurisdiction.

2.    **Nature and Basis of Claims and Defenses:** Plaintiff alleges that Defendant violated the Federal Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act. Defendant denies the allegations and further asserts that, even if any of the alleged conduct did occur, it was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. The principal legal issue in dispute is whether sending a debtor a 1099 IRS form when the creditor writes off a debt is a debt collection violation if the creditor was barred by the statute of limitation from initiating suit to collect the debt.

3. **Discovery Plan:**

   a. the Parties agree to make the disclosures required by Rule 26(a), Federal Rules of Civil Procedure by April 27, 2011;

   b. discovery may be needed on the subjects of: communications between the parties, the debt collection that is the subject of the Complaint, Plaintiff's alleged damages and Defendant's defenses;

   c. discovery that the Parties require include, depositions of Plaintiff and Defendant's representatives involved in the subject collection and written discovery to Plaintiff relating to his claims and alleged damages;

   d. the Parties agree that discovery will be completed by July 25, 2011;

   e. it is not necessary to conduct discovery in phases;

   f. the Parties agree to preserve all discoverable information; and

   g. there are currently no issues regarding disclosure or discovery of electronically stored information.

4. **Settlement and Mediation:** The Parties believe that there is a possibility for prompt settlement or resolution of the case. However, the Parties do not believe that mediation would be helpful, as the claim is not large enough to justify the cost associated with formal mediation.

5. **Revision of Initial Scheduling Order:** The Parties believe that, unless otherwise altered in the Discovery Plan section above, the timetables and cutoff dates contained in the Initial Scheduling Order do not have to be revised or amended.

6. **Trial:** The Parties believe that the case will be ready for trial on or before September 30, 2011.

| LAW OFFICES OF BRIAN P. PARKER, PC | HINSHAW & CULBERTSON LLP |
|---|---|
| /s Brian Parker<br>Brian P. Parker<br>brianparker@collectionstopper.com<br>Florida Bar No. 0980668<br>30600 Telegraph Road, Suite 1350<br>Bingham Farms, Michigan 48025<br>Tel:  (248) 642-6268<br>Fax:  (248) 276-1956<br>*Attorneys for Plaintiff* | /s Zachary Harrington<br>Zachary A. Harrington<br>zharrington@hinshawlaw.com<br>Florida Bar No. 044104<br>100 South Ashley Drive, Suite 500<br>Tampa, Florida 33602-5301<br>Phone: (813) 868-8839<br>Fax:    (813) 276-0840<br>*Attorneys for Defendant* |